## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

EDDUARD PRINCE,                                    *

Plaintiff,                                                   CIVIL NO.  MJM 25-cv-1227

Vs.                                                      *

IVAN BATES (in his official and individual

capacity as State's Attorney for Baltimore    *

City), BRANDON M. SCOTT (in his official

capacity as Mayor of Baltimore),               *

Defendants.

***********

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

USDC- BALTIMORE
'25 APR 14 PM1:49

Plaintiff Edduard Prince, hereby files this civil rights complaint against Defendants

Ivan Bates and Brandon M. Scott for their roles in the creation, enforcement, and maintenance of

an unconstitutional "citation court" system in Baltimore City. This system systematically violates

the civil rights of Black and low-income residents. The following allegations are based on personal

knowledge, investigation, and information and belief:

## JURISDICTION AND VENUE

1.        This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this case involves

claims arising under federal law, including civil rights violations under 42 U.S.C. § 1983.

2.        Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise

to this complaint occurred in Baltimore City, Maryland.

## PARTIES

**HD**

Rcv'd by: _____AR_____

3. Plaintiff Edduard Prince is a resident of Baltimore City, Maryland, and a citizen of the United States.

4. Defendant Ivan Bates is the State's Attorney for Baltimore City. He is sued in both his individual and official capacities.

5. Defendant Brandon M. Scott is the Mayor of Baltimore City. He is sued in his official capacity.

## FACTUAL BACKGROUND

6. On July 11, 2023, Plaintiff Edduard Prince was approached by Maryland Transit Police on the Baltimore Light Rail during a fare sweep.

7. Plaintiff invoked his constitutional rights and refused to answer any questions without a warrant. Despite this, Plaintiff was unlawfully seized, in violation of his Fourth Amendment rights. Under Terry v. Ohio, 392 U.S. 1 (1968), police are required to have reasonable suspicion before engaging in an investigatory stop. Plaintiff's detention, without reasonable suspicion or probable cause, violated his Fourth Amendment rights.

8. Despite Plaintiff's invocation of his constitutional rights, he was issued a citation for failure to provide proof of fare payment. This citation was issued in violation of Miranda v. Arizona, 384 U.S. 436 (1966), which affirms the right to remain silent and not to incriminate oneself during an encounter with law enforcement.

9. On November 28, 2023, Plaintiff was found guilty in Baltimore's "citation court" for the alleged fare violation and was imposed a $192 fine for a $2 fare violation. This fine, as detailed in United States v. Bajakajian, 524 U.S. 321 (1998), is unconstitutional under the Eighth Amendment as it is grossly disproportionate to the offense.

10.     Citation court is a municipal court system created and enforced by Defendant Ivan Bates and supported by Defendant Mayor Brandon Scott. It operates without prosecutors, and there is no impartial adjudication or traditional due process protections. The court disproportionately penalizes vulnerable, low-income, and Black residents of Baltimore City. Gideon v. Wainwright, 372 U.S. 335 (1963), holds that the right to counsel is essential for a fair trial. The absence of this right in citation court is a violation of due process.

11.     The citation court system financially benefits the City of Baltimore by imposing substantial fines on minor violations, disproportionately affecting poor communities. Bearden v. Georgia, 461 U.S. 660 (1983), mandates that fines not be levied in such a way that it disproportionately affects those who are poor, as it would violate the constitutional protections against arbitrary punishment.

12.     To support Plaintiff's claim that Defendants are targeting Blacks in Baltimore City, Mayor Brandon Scott in collaboration with Metropolitan Baltimore Quadel, uses the same unconstitutional structures and financial penalties to displace Black families from the city through mismanagement of Section 8 housing benefits. This includes delays, denials, and manipulation of housing services in a manner that harms Black residents and pushes them out of Baltimore as part of a broader effort to gentrify the city.

## LEGAL CLAIMS FOR RELIEF

### Count I: Fourth Amendment – Unlawful Seizure

13.     The actions of the Maryland Transit Police, initiated under the supervision and enforcement policies of Defendants Bates and Scott, violated Plaintiff's Fourth Amendment rights against unreasonable seizure. Plaintiff was detained without probable cause, as the stop was not based on reasonable suspicion or lawful warrant.

- Terry v. Ohio, 392 U.S. 1 (1968) (requiring reasonable suspicion for investigatory stops).

- Florida v. Royer, 460 U.S. 491 (1983) (seizures must be based on reasonable suspicion or probable cause).

### Count II: Eighth Amendment – Excessive Fine

14.     The imposition of a $192 fine for a $2 fare violation is grossly disproportionate and constitutes an excessive fine under the Eighth Amendment. This excessive fine serves no legitimate government interest and is unconstitutional under the Excessive Fines Clause.

- United States v. Bajakajian, 524 U.S. 321 (1998) (excessive fines are unconstitutional under the Eighth Amendment).

- Austin v. United States, 509 U.S. 602 (1993) (affirming the constitutional protection against excessive fines).

### Count III: Fourteenth Amendment – Due Process Violation

15.     Defendants' operation of the citation court system denies Plaintiff due process under the Fourteenth Amendment. The citation court lacks a prosecutor, a neutral adjudicator, and other fundamental procedural protections necessary to ensure fairness and impartiality in legal proceedings. This system operates to the financial advantage of the city while denying basic constitutional protections.

- Gideon v. Wainwright, 372 U.S. 335 (1963) (right to counsel in criminal cases).

- Mathews v. Eldridge, 424 U.S. 319 (1976) (procedural due process must balance interests, including fairness).

### Count IV: Fourteenth Amendment – Equal Protection Violation

16. The citation court disproportionately impacts Black residents and low-income communities, resulting in racial and economic discrimination. Defendants' policies, including the unconstitutional operation of citation court and the discriminatory manipulation of Section 8 housing benefits amongst other policies created by the Defendants, create a system that disproportionately punishes Plaintiff and poor Black residents, violating the Equal Protection Clause of the Fourteenth Amendment.

- Yick Wo v. Hopkins, 118 U.S. 356 (1886) (state action must not discriminate against minority groups).

- Washington v. Davis, 426 U.S. 229 (1976) (discriminatory effects of government action must be proven to violate the Equal Protection Clause).

### Count V: Malicious Prosecution (per Thompson v. Clark)

17. Defendants Bates and Scott have maliciously prosecuted Plaintiff by initiating and continuing proceedings in citation court without a lawful basis, resulting in an unjust conviction and the imposition of an excessive fine. Under Thompson v. Clark, Plaintiff seeks damages for this wrongful and unlawful prosecution.

- Thompson v. Clark, 142 S. Ct. 1332 (2022) (providing the standard for malicious prosecution claims).

### Count VI: Monell Claim – Municipal Liability

18. Defendant Mayor Brandon Scott and State's Attorney Ivan Bates, acting in their official capacities, are responsible for the unconstitutional policies and practices employed by Baltimore City's citation court system. These policies reflect deliberate indifference to the

constitutional rights of residents, particularly Black and low-income individuals. Therefore, the City of Baltimore is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).

- Monell v. Department of Social Services, 436 U.S. 658 (1978) (municipalities may be held liable for constitutional violations if they are caused by municipal policies or customs).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that the citation court system operated by the City of Baltimore is unconstitutional under the Fourth, Eighth, and Fourteenth Amendments.

b. Enjoin the Defendants from continuing the operation of citation court as currently structured.

c. Award compensatory damages in an amount to be determined at trial, including those for the unlawful fine imposed.

d. Award punitive damages against Defendant Ivan Bates for his role in enforcing unconstitutional policies.

e. Award costs and attorney's fees under 42 U.S.C. § 1988.

f. Grant any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Edduard Prince
309 Berlin Avenue
Baltimore, Maryland 21225
305-726-3639
eprince1110@gmail.com